OPINION
In this accelerated calendar case, submitted on the record and the briefs of the parties, appellant, Alrashan D. Clardy ("Clardy"), appeals from the Portage County Municipal Court, Ravenna Division judgment entered on October 15, 1999. Clardy was found guilty of assault in violation of R.C. 2903.13(A). The trial court suspended the sentence pending appeal. The following facts are relevant to a determination of this appeal.
Clardy was a student at Hiram College in Portage County, Ohio. He resided in a dormitory, Whitcome Hall. The victim, Eric Rieger ("Rieger"), was also a student. Rieger was the Resident Assistant in charge of the floor in Whitcome Hall on which Clardy resided. A confrontation occurred between Clardy and Rieger at 4:00 a.m. on March 18, 1999. It lasted at least one-half of an hour. Clardy was upset with Rieger over two issues, the first being the way Rieger had handled a situation with another resident, Robert Bako, who was a friend of Clardy's and, second, because he believed Rieger may have "turned him in" for smoking marijuana. Clardy began knocking on Rieger's door at 4:00 a.m. Rieger answered the door and, as his girlfriend was asleep in the room, he stepped out into the hallway. A confrontation ensued during which Clardy allegedly assaulted Rieger.
Altogether, ten witnesses testified at the trial, six for the prosecution, four for the defense. Rieger testified that Clardy made various threats to hurt and kill him. He testified that Clardy put his finger on his forehead, poked him in the eye, simultaneously slapped both of his ears, shoved his head into a wall, and hit him multiple times. Rieger made no attempt to fight back. The testimony of all the witnesses confirmed that Rieger consistently attempted to defuse the situation and made no attempt to fight at any time.
Amber Hurt, a dorm resident, testified that she heard Clardy threatening Rieger, but did not witness the assault, although she briefly walked out into the hall during the confrontation. Andrea Zimmerman, Rieger's girlfriend, testified she heard Clardy threaten Rieger. She remained in her room throughout the confrontation and did not see anything. Marianna Romaniuk, a dorm resident, walked down the hall during the confrontation. She saw the two standing very close to each other, but did not see any contact. However, while in her room, she heard Clardy say "boom, boom, boom," which corresponded with Rieger's testimony that Clardy said "boom, boom, boom, I'll kill you, I'll shoot you." Jennifer Humphrey, another dorm resident, remained in her room throughout the confrontation. She testified that she heard arguing, and she also heard what sounded like "something was being hit, but I didn't know what." Karen McCarthy, another dorm resident, also remained in her room throughout the confrontation. She heard Clardy threatening Rieger and also heard sounds which she described as "smacks" or "slaps."
Testifying for the defense, Robert Bako, testified he walked into the hallway shortly after the confrontation began and remained until it ended. Clardy, in part, was arguing with Rieger about the way Rieger had treated Bako. He testified that the two were arguing, that Clardy threatened Rieger, but that Clardy never struck Rieger. He testified that he and two other residents had to restrain Clardy. In a written statement made the morning of the incident, Bako stated "[Clardy] was yelling profanity and proceeded to poke and taunt [Rieger]."
Jeffrey Smith, a dorm resident, testified he went out into the hall when he heard yelling. He testified he did not see Clardy strike Rieger, but that he helped to restrain Clardy. He also testified that Clardy broke free and charged Rieger, causing Rieger to cower down against the wall. Clardy then taunted and threatened Rieger. Paul Milcetich, another dorm resident, also came out into the hall when he heard yelling. Although he testified that he did not see Clardy hit, kick, slap, or push Rieger, he testified "he might have poked him in the face." His statement to the police the morning of the incident stated "[Clardy] poked him in the forehead" and "slapped him in the face a couple times." Clardy testified on his own behalf. He stated he challenged Rieger to a fight, but denied assaulting him in any way, or even touching him.
At the conclusion of a bench trial on July 26, 1999, the trial court found Clardy guilty and referred the matter for a presentence investigation. The trial court found the defense witnesses were biased, and their explanations of the contrary statements whether there was physical contact disingenuous. The trial court found the evidence was sufficient to sustain a conviction for assault. Judgment was entered on October 15, 1999. From this judgment, Clardy timely filed notice of appeal, assigning the following error:
 "The guilty verdict was against the manifest weight of the evidence where, exclusive of the defendant and the alleged victim, all eight witnesses testified that they saw either no physical contact or only incidental contact between the defendant and the alleged victim."
The standard of review when reviewing a claim a verdict was against the manifest weight of the evidence is as follows:
 "In determining whether the verdict was against the manifest weight of the evidence, `* * * [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *'" (Citations omitted.) State v. Davis (1988), 49 Ohio App.3d 109, 113, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
Rieger testified that he was assaulted. Two of the prosecution witnesses, while in their rooms, heard sounds consistent with an assault. Two of the defense witnesses gave statements the morning of the incident consistent with an assault. At trial, one defense witness stated Clardy may have poked Rieger in the face. All the defense witnesses were friends of Clardy. The court concluded they were biased, and found their explanations disingenuous. Based on the entire record, we cannot say the trial court clearly lost its way in resolving the conflicts in the evidence. The crime of assault set forth in R.C.2903.13(A) states, in pertinent part, that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." R.C.2901.01(A)(3) defines physical harm (to persons) as "any injury * * * or other physiological impairment, regardless of its gravity or duration." The trial court found sufficient evidence was presented and concluded that Clardy caused physical harm to Rieger. We cannot say the court was clearly in error, or that a manifest miscarriage of justice has occurred. Appellant's assignment of error is without merit.
The judgment of the trial court is affirmed.
 _____________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J, concur.